**Glenn Agre Bergman & Fuentes LLP**
**55 Hudson Yards, 20th Floor**
**New York, New York 10001**
**(212) 358-5600**
**Lindsey R. Skibell**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEXGEN LIFESCIENCES, LLC,

        *Plaintiff*,

    v.

MSN LABORATORIES PRIVATE LIMITED,

        *Defendant*.

Case No.:

## COMPLAINT

Plaintiff Nexgen Lifesciences, LLC files this action against Defendant MSN Laboratories Private Limited, stating as follows:

## SUMMARY OF THE ACTION

1. Defendant MSN Laboratories Private Limited ("MSN") is an Indian company that manufactures generic medications. Plaintiff Nexgen Lifesciences, LLC ("Nexgen") entered into an agreement with MSN for the distribution of certain generic medications in the United States.

2. Pursuant to the agreement, Nexgen paid approximately $800,000 to fund attempts to obtain FDA approval of the MSN-manufactured medications and, in exchange, was to receive exclusive distribution rights for the medications and a fifty percent share of the net profits.

3. MSN materially breached the agreement by refusing to permit Nexgen to distribute the medications after approval, instead forming a US subsidiary and giving it exclusive distribution rights.

## PARTIES AND JURISDICTION

4. Plaintiff Nexgen Lifesciences, LLC is a Wyoming limited liability corporation, with its principal place of business located at 8913 Regents Park Drive, Suite #550, Tampa, Florida 33647. The members of Nexgen Lifesciences, LLC are trusts, the trustees of which are citizens of Florida and Virginia.

5. Defendant MSN Laboratories Private Limited is a foreign company organized under the laws of India with a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanath Nagar, Hyberabad 50018, A.P.

6. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and all parties are diverse as Plaintiff is a citizen of a state(s) in the United States and Defendant is a citizen and/or subject of a foreign state.

7. This Court has jurisdiction over MSN pursuant to a binding forum selection clause within an agreement that was negotiated and executed by MSN and Nexgen.

8. Venue is appropriate in this Court pursuant to a binding forum selection clause within an agreement that was negotiated and executed by MSN and Nexgen.

9. Even in the absence of the forum selection clause, venue would be appropriate in this jurisdiction because MSN, through its subsidiaries, operates in New Jersey.

10. MSN operates dosage manufacturing facilities in New Jersey through its subsidiary MSN Pharmaceuticals Inc, which distributes the drugs in question in the United States. MSN

Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Piscataway, New Jersey.

11. MSN's sales and marketing subsidiary, Novadoz Pharmaceuticals, LLC operates from offices in Piscataway, New Jersey. Upon information and belief, Novadoz Pharmaceuticals, LLC is an LLC formed in New Jersey whose members are citizens of the State of New Jersey.

## GENERAL ALLEGATIONS

12. Nexgen is a company that was formed to provide sales and marketing infrastructure in the United States and to collaborate with pharmaceutical companies to develop, register, and commercialize pharmaceutical products throughout the United States.

13. MSN is a pharmaceutical company that develops finishing dosage formulations for various pharmaceutical products globally, including for distribution in the United States.

14. In 2015, Nexgen and MSN began negotiating an opportunity for MSN to develop and deliver, and Nexgen to exclusively distribute the pharmaceutical compounds MOXIFLOXACIN HYDROCHLORIDE (Oral Tablets 400 mg), CAPECITABINE (Oral Tablets 150mg and 500mg), and ROSUVASTATIN CALCIUM (Oral Tablets 40mg, 20, mg, 10mg, and 5mg) (the "Compounds").

15. MSN and Nexgen negotiated the terms of their business relationship and memorialized the agreement in a Collaboration and Supply Agreement and Annexure 1 to Generic Finished Pharmaceutical Formulation Term Sheet Between Nexgen Life Sciences & MSN Laboratories Private Limited (the "Agreement"), attached as Exhibit 1.

16. Under the terms of the Agreement, MSN agreed to supply the Compounds to Nexgen, give Nexgen the exclusive right to distribute the Compounds in the United States and Puerto Rico, and share 50% of the net profits from the sale of the Compounds for seven years.

17. MSN materially breached the Agreement by failing to supply the Compounds to Nexgen, refusing to allow Nexgen to exclusively distribute and sell the Compounds in the United States and Puerto Rico, distributing the Compounds without Nexgen's involvement despite its exclusive contract with Nexgen, and denying Nexgen its 50% share of the net profits stemming from the sale of the Compounds.

18. On multiple occasions, Nexgen attempted to resolve these issues with MSN, consistent with the terms of the Agreement, but they were unable to reach a resolution. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

19. Nexgen readopts and realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. This is an action for breach of contract against MSN.

21. The Agreement between Nexgen and MSN is an enforceable contract.

22. MSN has materially breached the terms of the Agreement by, *inter alia*, failing to supply the Compounds to Nexgen, refusing to allow Nexgen to exclusively distribute and sell the Compounds in the United States and Puerto Rico, distributing the Compounds without Nexgen's involvement despite its exclusive contract with Nexgen, and denying Nexgen its 50% share of the net profits stemming from the sale of the Compounds.

23. Even if MSN argues that it terminated the Agreement for cause, it has still materially breached the terms of the Agreement by refusing to honor its obligations under Section 5.3.2.1 of the Agreement which states that in the event of termination for cause by MSN, all rights

of NLS "shall remain in effect on an irrevocable, perpetual, non-exclusive, fully paid-up and royalty-free basis."

24. As a direct result of MSN's breach, Nexgen has been damaged in an amount to be determined at trial.

## COUNT II
## Declaratory Judgment

25. Nexgen readopts and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. An actual controversy has arisen between Nexgen and MSN in that, as described above, MSN has refused to grant Nexgen exclusive rights to distribute the Compounds in the United States and Puerto Rico and to pay Nexgen 50% of net profits from the sale of the Compounds.

27. Nexgen seeks a declaration under 28 USCA §2201 that pursuant to Section 5.3.2.1 of the Agreement, Nexgen has exclusive rights to distribute the Compounds in the United States and Puerto Rico.

28. Nexgen further seeks a declaration that pursuant to Section 3.12 of the Agreement it is entitled to 50% of the net profits from sales of the Compounds for seven years.

29. A judicial determination is necessary and appropriate at this time and under these circumstances for the Parties to ascertain their rights and obligations to one another.

## COUNT III
## Unjust Enrichment / Restitution
(*Plead in the alternative*)

30. Nexgen readopts and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

31. Nexgen has conferred a benefit on MSN in the amount of over $800,000.00.

32.     MSN has knowledge of the benefit.

33.     MSN has accepted or retained the benefit conferred to it by Nexgen by knowingly keeping the funds given to MSN by Nexgen and refusing to repay Nexgen any of the amount.

34.     The circumstances are such that it would be inequitable for MSN to retain the benefit of over $800,000.00 without giving fair value for it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nexgen Lifesciences, LLC, prays for relief as follows:

a. A full and final judgment against Defendant MSN Laboratories Private Limited, awarding damages or restitution in an amount to be proven at trial together with interest on the judgment at the proper legal rate;

b. A declaration that Nexgen has the exclusive right to distribute the Compounds in the United States and Puerto Rico, and it is entitled to 50% of the net profits from the sale of the Compounds for seven years;

c. Such other relief as this Court deems just and proper, including costs, expenses, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all matters so triable in this cause.

Dated: May 18, 2022

**GLENN AGRE BERGMAN & FUENTES LLP**

By: */s/ Lindsey R. Skibell*
    Lindsey R. Skibell
    Jewel K. Tewiah
    rskibell@glennagre.com
    jtewiah@glennagre.com
    55 Hudson Yards, 20th Floor
    New York, New York 10001
    (212) 358-5600

**MCINTRYE THANASIDES**

Paul Thanasides (*pro hac vice application to be submitted*)
Michael R. Morris (*pro hac vice application to be submitted*)
pthanasides@mcintyrefirm.com
mmorris@mcintyrefirm.com
500 E. Kennedy Blvd., Suite 200
Tampa, Florida 33602
(813) 223 – 0000

*Attorneys for Plaintiff Nexgen Lifesciences, LLC*