UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEXGEN LIFESCIENCES, LLC,

 Plaintiff,

v.

MSN LABORATORIES PRIVATE LIMITED,

 Defendant,
_____/

Civil Action No. 2:22-CV-02901
Hon. Madeline Cox Arleo
Magistrate Hon. José R. Almonte

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Representing Nexgen Life Sciences, LLC

 L. Reid Skibell
 Glenn Agre Bergman & Fuentes LLP
 1185 Avenue of The Americas 22nd Floor
 New York, NY 10036
 212-358-5600
 rskibell@glennagre.com

 Paul Thanasides (pro hac vice application in progress)
 pthanasides@mcintyrefirm.com
 500 E. Kennedy Blvd, Suite 200
 Tampa, Florida 33602
 813-223-0000

 Michael Morris (pro hac vice application in progress)
 mmorris@mcinturefirm.com
 500 E. Kennedy Blvd. Suite 200
 Tampa, FL 33602
 813-223-0000

Representing MSN Laboratories Private Limited

 Eric I. Abraham
 Hill Wallack, LLP
 21 Roszel Road
 Princeton, NJ 08543

609-734-6358
eabraham@hillwallack.com

William Murtha
Hill Wallack, LLP
21 Roszel Road
Princeton, NJ 08543
609-734-6358
609-452-1888 (fax)
wmurtha@hillwallack.com

Teresa M. Summers
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4725
tsummers@wiley.law

Neal Seth
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4725
nseth@wiley.law

2.      Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff's Description:
Nexgen Lifesciences, LLC ("Lifesciences") and MSN Laboratories Private Limited ("MSN") entered into a contract whereby Lifesciences would pay certain amounts requested by MSN to fund attempts to obtain FDA approval for various MSN-manufactured generic medications. Lifesciences would receive exclusive distribution rights in return, unless Lifesciences breached, which would then cause Lifesciences to have only a non-exclusive distribution right. Lifesciences contends that, after it paid approximately, $800,000 to MSN for the FDA approval process, MSN stopped making requests for draws for the remaining payment schedule (less than $100,000) and went dark on Lifesciences. Lifesciences later learned that MSN attempted to create a breach by not requesting the final draw from Lifesciences and then claim that the supposed breach allowed MSN to provide its subsidiary with exclusive distribution rights in direct contravention of the contract between MSN and Lifesciences. Lifesciences also contends that MSN was unjustly enriched by payments Lifesciences made to MSN.

Defendant's Description:
MSN denies Plaintiff's allegations and further denies that Plaintiffs are entitled to any judgment or relief requested in the Complaint. In its answer to the Complaint, MSN asserts that Nexgen and MSN entered into a certain Collaboration and Supply Agreement ("Agreement") whereby the

Parties agreed to pursue three products, i.e., Rosuvastatin Calcium, Capecitabine, and Moxifloxacin Hydrochloride. Also pursuant to the terms of the Agreement, Nexgen was to pay certain milestone payments and cost sharing payments upon the occurrence of certain dates and events. Thereafter, the Parties agreed to terminate the commercialization of Moxifloxacin Hydrochloride for commercial non-viability.  Further, Nexgen did not pay the required cost sharing and milestone payments related to Capecitabine as required under the Agreement. And, with respect to Rosuvastatin Calcium, Nexgen paid only a portion of the agreed-upon amount. As such, MSN asserts Counterclaims for breach of contract and declaratory judgment. In addition to its Counterclaims, MSN also asserts Affirmative Defenses of failure to state a claim, laches, equitable estoppel, waiver and/or interference, termination, failure to mitigate damages, no breach of contract, unjust enrichment, failure of condition precedent, prior breaches, failure to perform and/or lack of consideration, statute of limitations, and no entitlement to attorneys' fees.

3. Have settlement discussions taken place? Yes\_\_\_\_x\_\_\_ No \_\_\_\_\_

   (a) What was plaintiff's last demand?
       (1) Monetary demand: none
       (2) Non-monetary demand:

   (b) What was defendant's last offer?
       (1) Monetary offer: none
       (2) Non-monetary offer:

4. The parties [have __x__ have not ____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have __x__ have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

   There are no problems.

7. The parties [have ____ have not __x__] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

   No such funders are involved in this litigation at this time.

8. The parties [have ____ have not __x__] conducted discovery other than the above disclosures. If so, describe.

   No discovery has been conducted.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

3

        Contract formation
        Contract execution
        Contract performance
        Actions by the parties relating to the alleged breaches
        Sales of the subject molecules and other damage-related issues

(b)    Discovery [should _____ should not __x__] be conducted in phases or be limited to particular issues. Explain.

The issues in this case are intertwined and conducting the discovery in phases would only increase the expense to the parties and delay the resolution of the case.

(c)    Proposed schedule:

1. Fed. R. Civ. P. 26 Disclosures         9/15/22

2. E-Discovery conference pursuant to L. Civ. R. 26.1(d).     9/22/22

3. Service of initial written discovery.     10/7/22

4. Maximum of Interrogatories by each party to each other party.   25

5. Maximum of Requests for Admission by each party.     40

6. Maximum of depositions to be taken by each party.     10

7. Motions to amend or to add parties to be filed by     02/21/23

8. Factual discovery to be completed by     6/16/23

9. Parties' opening expert reports on issues for which they bear the burden of proof due on     8/15/23

10. Paries' reply expert reports due on     9/15/23

11. Expert depositions to be completed by     10/20/23

12. Dispositive motions to be served within __30__ days of completion of expert discovery.

(d)    Set forth any special discovery mechanism or procedure requested.

    None.

4

      (e)      A pretrial conference may take place on     <u>Court's Preference</u>

      (f)      Trial date:   (<u>     </u>Jury Trial; <u> x </u>Non-Jury Trial)  <u>Court's Preference</u>

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes <u> x </u> No    . If so, please explain.

    Some witnesses may reside in India.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes <u>  </u> No <u> x </u>.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    Yes.

13. Do you anticipate any discovery problem(s) not listed above? Describe. Yes <u>   </u> No <u> x </u>.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    The case is appropriate for mediation.

15. Is this case appropriate for bifurcation? Yes <u> </u> No <u> x </u>

16. An interim status/settlement conference (with clients in attendance), should be held no later than July 2023.
    .

17. We [do <u>   </u> do not <u> x   </u>] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

    None.

/s/ L. Reid Skibell
Attorneys for Plaintiff/ September 20, 2022

    L. Reid Skibell
    Glenn Agre Bergman & Fuentes LLP
    1185 Avenue of The Americas 22nd Floor
    New York, NY 10036
    212-358-5600
    rskibell@glennagre.com

    Paul Thanasides (pro hac vice application in progress)
    pthanasides@mcintyrefirm.com
    mmorris@mcintyrefirm.com
    500 E. Kennedy Blvd, Suite 200
    Tampa, Florida 33602
    813-223-0000

    Michael Morris (pro hac vice application in progress)
    mmorris@mcinturefirm.com
    500 E. Kennedy Blvd. Suite 200
    Tampa, FL 33602
    813-223-0000


/s/ Eric I. Abraham
Attorneys for Defendant / September 20, 2022

    Eric I. Abraham
    Hill Wallack, LLP
    21 Roszel Road
    Princeton, NJ 08543
    609-734-6358
    eabraham@hillwallack.com

    William Murtha
    Hill Wallack, LLP
    21 Roszel Road
    Princeton, NJ 08543
    609-734-6358
    609-452-1888 (fax)

wmurtha@hillwallack.com

Teresa M. Summers
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4725
tsummers@wiley.law

Neal Seth
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4725
nseth@wiley.law