

January 18, 2023

**VIA ECF**

The Honorable Jose R. Almonte, U.S.M.J.
United States District Court for the District of New Jersey
U.S. Post Office and Courthouse
2 Federal Square
Newark, New Jersey 07102

      **Re:**    *Nexgen Lifesciences, LLC v. MSN Laboratories Private Limited*
                *Civil Action No. 2:22-CV-02901 (CA-JRA)*

Dear Judge Almonte:

This firm, together with Wiley Rein LLP, represents defendant MSN Laboratories Private Limited ("MSN") in the above-referenced matter. Pursuant to the Court's Pretrial Scheduling Order dated September 27, 2022 (D.I. 30), and in advance of the scheduled January 25, 2023 telephonic status conference, defendant MSN and plaintiff Nexgen Lifesciences, LLC ("Nexgen") respectfully submit this joint status letter.

## BRIEF SUMMARY AND STATUS OF THE CASE

This is an action for breach of contract brought by Nexgen against MSN. The contract relates to, *inter alia*, the distribution of certain generic drugs. The contract at issue is a Collaboration and Supply Agreement (the "Agreement"), filed as D.I. 1-1 and D.I. 14-1. The Complaint was filed on May 18, 2022. On August 15, 2022, MSN filed its Answer (D.I. 14), including affirmative defenses and Counterclaims against Nexgen. The parties have engaged in discovery, which is ongoing. Currently, there are no discovery motions pending before the Court.

## THE PARTIES' POSITIONS AND ISSUES TO BE ADDRESSED BY THE COURT

**A.**    **Nexgen's Position and Issues**

    **1.**    **Discovery Requests and Document Production:**

The parties are in communication on discovery and other matters. The parties have each served Rule 26 disclosures and amended Rule 26 disclosures. Nexgen served its first request for production on November 11, 2022. Nexgen served a second request for production on December 9, 2022. The parties agreed to an extension until February 3, 2023 for MSN to respond to those requests because they were served to only one of the law firms for MSN, not both firms. Nexgen served a third request for production on January 6, 2023.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

MSN served subpoenas on counsel for Nexgen for documents and deposition testimony. Nexgen has agreed to produce the requested documents if MSN serves a request for production for the documents pursuant to Rule 34.

### 2. **Depositions**:

Nexgen has taken the deposition of a third-party witness, Seshu Akula, who is a former officer of MSN. Nexgen has scheduled the deposition of Kondal Reddy, a current employee of MSN, for January 31.

Nexgen believes more depositions will be necessary after it receives the documents requested pursuant to its requests for production. If documents are not timely produced or if objections are raised that need resolution by the Court, a discovery deadline extension may be necessary. Nexgen anticipates some follow-on discovery after MSN's first set of documents are produced.

### 3. **Confidentiality Order**

MSN proposed a modified version of the Court's standard Discovery Confidentiality Order. Nexgen in turn proposed changes to the modified order. MSN responded by suggesting the standard order. Nexgen has requested that MSN identify good cause for the protective order to the Court pursuant to Rule 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: …(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."). In the interim, so that MSN would permit the Seshu Akula deposition to be taken, Nexgen has agreed to keep the substance of that deposition confidential while awaiting designations of portions of the deposition from MSN.

### B. MSN's Position and Issues

The issues in this case are few. The sole product at issue in this dispute is Rosuvastatin Calcium. While the complaint also refers to two other products, they are not at issue here. As MSN pled in its Answer (D.I. 14), Moxifloxacin Hydrochloride is not at issue at least because the parties agreed not to pursue this product due to commercial non-viability and, with respect to Capecitabine, Nexgen failed to pay its share of the cost sharing and milestones specified in the Agreement. Despite having not complied with the very contract it now seeks to enforce, Nexgen now claims it is entitled to 50% of the net profits from the sale of Rosuvastatin Calcium for seven years. The evidence will show, however, that this claim is contrary to the terms of the Agreement, would result in a windfall to Nexgen, and is otherwise unwarranted.

### 1. **Discovery Requests**

MSN disputes Nexgen's position above that it "served" its first and second set of requests for production to Nexgen on November 11, 2022 and December 9, 2022 respectively. It is MSN's position that Nexgen only properly served its first and second set of requests for production on January 6, 2023. Nevertheless, while MSN's responses would be due on February 6, 2023, MSN agreed to an earlier response date of February 3, 2023 to resolve the service issue and advance discovery.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 3

MSN served its first request for production and interrogatories to Nexgen on January 9, 2023. Also on January 9, 2023, MSN served document and deposition subpoenas on two of Nexgen's counsel related to, *inter alia*, their pre-deposition communications with Mr. Seshu Akula, now a third party and former President of MSN's U.S. sales subsidiary, Novadoz. MSN's first set of requests for production to Nexgen included, *inter alia*, similar requests. On January 11, counsel for Nexgen stated "we will produce all correspondence between us an Mr. Akula," that "Nexgen will timely produce all of its attorneys' communications with Mr. Akula about anything and everything," and "there are no documents that discuss or contemplate compensation to Mr. Akula." In view of these averments, MSN is amenable to reviewing what documents are actually produced and reserving all rights to enforce the issued subpoenas if needed.

    **2.    Depositions**

As noted above, on January 2, 2023, Nexgen took the deposition of Mr. Akula. Nexgen also intends to conduct a personal 30(b)(1) deposition of Dr. Kondal Reddy, the Senior Director of MSN Pharmaceuticals, Inc. on January 31, 2023. Mr. Kondal Reddy is also a corporate representative of MSN and MSN anticipates Nexgen will issue a 30(b)(6) deposition notice to MSN. MSN has informed Nexgen that MSN proposes to make corporate witnesses available once, wherein the other side may ask questions in a corporate 30(b)(6) capacity as well as simultaneously in a personal 30(b)(1) capacity. This is common practice in this Judicial District and in Federal Courts because it is more efficient, avoids a second opportunity for Nexgen to re-depose a prior witness, and is less burdensome to a witness. Nexgen has stated it disagrees, but Nexgen has not yet met and conferred with MSN regarding its concerns. MSN has proposed to meet and confer with Nexgen in advance of the telephonic conference scheduled for January 25, 2023.

    **3.    Confidentiality Order**

Prior to the deposition of Mr. Akula, MSN endeavored to negotiate the terms of a Discovery Confidentiality Order ("DCO") with Nexgen. MSN proposed following this Court's standard DCO, attached as Appendix S to the local rules. Nexgen was unwilling to agree to the standard DCO, and instead wanted to wait and see what MSN's confidentiality designations to Mr. Akula's deposition transcript may be. In order for the deposition to proceed as scheduled and protect MSN's confidential information, the parties agreed to treat the deposition, transcript, and any exhibits as confidential and attorneys-eyes-only and, within 14 days of receipt of transcript, MSN will designate portions as confidential and attorneys-eyes-only as appropriate, and anything designated as such remains as designated until the Court puts a DCO in place or pending further order. MSN intends to revisit putting a DCO in place once MSN shares its redactions with Nexgen.

MSN disputes Nexgen's position that MSN must show good cause for the DCO to be entered as that is not the applicable standard. It is MSN's position that this Court's standard DCO amply addresses Nexgen's concern is that MSN may overly designate non-confidential material because a mechanism for addressing the scenario is already included in the standard DCO.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 4

                                        Respectfully submitted,

                                        <u>/s/ Eric I. Abraham            </u>,
                                        Eric I. Abraham

cc: All Counsel