# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10001
212.970.1610

February 28, 2023

**VIA ECF**

Honorable José R. Almonte, United States Magistrate Judge
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

> Re: *Nexgen Lifesciences, LLC ("Nexgen") v. MSN Laboratories Private, Ltd.("MSN"),* Civil Action No. 2:22-cv-02901

Dear Judge Almonte,

Our firm and McIntyre Thanasides represent Plaintiff Nexgen in this litigation. We write to request leave to file a motion to compel discovery.

Nexgen contracted with MSN for exclusive U.S. distribution rights to three generic pharmaceuticals manufactured by MSN in India. MSN breached the distribution agreement by giving the distribution rights to its U.S. subsidiary. The former president of the subsidiary testified that MSN knowingly and intentionally breached the agreement, employing an "ask for forgiveness later" philosophy.

Nexgen served its First Request for Production on MSN's counsel Eric Abraham on November 11, 2022. Nexgen served its Second Request for Production on MSN's counsel Eric Abraham and William Murtha on December 9, 2022. Nexgen agreed to extend the deadline for response to both requests until February 3, 2023, based on MSN's complaint that Nexgen only served some of MSN's attorneys, not all of them.

On February 3, MSN responded with six pages of general objections and a page of specific objections to every request. MSN did not produce any documents at that time.[1]

Pursuant to paragraph 6(a) of the Pretrial Scheduling Order, I write to advise the Court of a discovery dispute. Despite two lengthy telephone conferences, MSN has not withdrawn any of the objections.

---

[1] MSN subsequently began its "rolling" production the evening of Friday, February 24, producing approximately 16,000 pages of documents with more promised to come. Nexgen was not able to look at the documents over the weekend.

GLENN AGRE BERGMAN & FUENTES 

## MSN'S GENERAL OBJECTIONS

In response to both sets of requests, MSN begins as below:

MSN objects to the Requests to the extent the requests and/or the definitions and instructions contained or incorporated therein are unduly burdensome and oppressive, overly broad, vague, ambiguous and/or to the extent they are inconsistent with and/or seek to impose upon MSN obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Jersey, or any order of the Court in this matter.

MSN objects to the Requests to the extent the Requests and/or the definitions and instructions contained or incorporated therein seek documents or information not reasonably available to, or not within the possession, custody or control of MSN. Such demands are beyond the scope of the Federal Rules of Civil Procedure. Any response given will therefore be based upon information and/or documents within MSN's possession, custody or control. By stating in these responses that it will produce documents or things or is searching for documents or things, MSN does not represent that any document(s) or thing(s) actually exist, but rather that it will make a diligent search and reasonable inquiry to ascertain whether documents or things responsive to the request do in fact exist.

MSN has not completed its investigation of the facts relating to the present litigation. MSN's responses to the Requests are therefore made to the best of MSN's present knowledge, information and belief. These responses are at all times subject to such additional and/or different information that discovery and/or independent investigation or analysis may disclose. MSN accordingly reserves the right to modify its responses or supplement its document production after it has substantially completed its investigation, and as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

MSN expressly reserves the right to amend and/or supplement its responses to the Requests after the claims have been construed by the

GLENN AGRE BERGMAN & FUENTES 

Court, Plaintiffs have disclosed their infringement contentions and claim construction positions, and discovery has been completed.

By agreeing to provide information responsive to a particular Request, MSN does not admit the relevance or admissibility of the documents or information provided. Nothing contained in any responses herein shall be deemed an admission, concession, or waiver by MSN as to the relevance, materiality, or admissibility of any document or thing provided in response to the Requests.

MSN objects to the Requests to the extent they use language incorporating or calling for a legal conclusion or making an erroneous statement of law. MSN's responses herein shall be as to matters of fact only and shall not be construed as stating or implying conclusions of law concerning the matters referenced in any Request.

MSN objects to the Requests to the extent they prematurely and improperly seek discovery of expert opinions. Such information will be disclosed in accordance with the Court's Scheduling Order.

MSN objects to the Requests to the extent they are not properly limited in subject matter, scope and/or time, employ vague, undefined or uncertain terms or phrases and/or call for investigations or activities the costs or burdens of which are unreasonable under the circumstances.

MSN objects to the Requests to the extent they call for any document or thing protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable doctrine, privilege or immunity, including without limitation, consulting expert privileges, or prepared in anticipation of litigation, such that it would make the information immune or exempt from discovery. As an example, and without limiting this general objection in any way, MSN objects to each and every Request that seeks "all documents" that "refer or relate" or "referring or relating to" or "concerning" a particular topic to the extent such Requests call for the production of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable doctrine. The inadvertent disclosure of any such



GLENN AGRE BERGMAN & FUENTES

information shall not signify any intent by MSN to waive such privilege, protection, or immunity. Inadvertent production of any document that is subject to such privilege, protection, or immunity in response to any of the Requests shall not constitute or be deemed to constitute a waiver of such privilege, protection or immunity.

MSN objects to the Requests to the extent they seek documents or information that are already in the possession, custody, or control of Plaintiffs or Plaintiffs' counsel, or to the extent they request documents or information that are in the public domain and of no greater burden for Plaintiffs to obtain.

MSN objects to the Requests to the extent that they call for trade secrets, commercially sensitive materials, or other privileged, confidential, proprietary, or financial information, the release of which is likely to be injurious to MSN.

MSN objects to the Requests to the extent the documents or things requested constitute confidential and/or proprietary information belonging to third parties with whom MSN has entered - 6 - into non-disclosure or confidentiality agreements that prohibit disclosure by MSN of the third-party's confidential and/or proprietary information. MSN objects insofar as the Requests purport to require MSN to produce documents or things at the same time its written responses are served. MSN will produce documents at a time and place to be mutually agreed upon by the parties.

MSN objects to the Requests to the extent they seek documents or information that is neither relevant to the subject matter of the present litigation nor reasonably calculated to lead to the discovery of admissible evidence.

MSN objects to Plaintiffs' instructions to the extent they require identification of lost, discarded, destroyed, or otherwise unavailable documents or things on the grounds that identifying and describing all such documents would be burdensome, oppressive, and logistically impossible.



MSN objects to Plaintiffs' instructions to the extent that they impose production burdens beyond what the parties have agreed to and/or beyond MSN's obligations under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Jersey, or any order of the Court in this matter.

MSN reserves the right to supplement these General Objections. These responses are made solely for the purposes of discovery in the present litigation. Nothing herein is intended to waive the following objections, which are expressly reserved: all objections as to competence, relevance, authenticity, propriety, materiality and admissibility of the subject matter of the documents or things produced; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any documents or things provided in response to the Request; all objections on any ground to any Request for further responses to these or other discovery Requests; and any and all other objections and grounds that would or could require or permit the exclusion of any information, document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at a hearing in this litigation.

This sprawling set of objections speaks for itself. "When objecting to a discovery request, an objecting party must state with specificity the grounds for the objection, and not the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant." *Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 704 (D.N.J. 2015), *citing NE Technologies, Inc. v. Evolving Systems, Inc.,* C.A. No. 06–6061 (MLC), 2008 WL 4277668 (D.N.J. 2015). Nexgen submits that these boilerplate general objections are improper.

## FIRST REQUEST FOR PRODUCTION

After the 6 pages of general objections, MSN begins its "specific objections" to the individual requests, though it incorporates all the general objections into each specific objection. In response to requests 1-4, 6-10, 15-24, and 26 of Nexgen's First Request for Production, MSN makes a full page of boilerplate objections and then states:


Subject to and without waiving its general and specific objections, MSN responds as follows. MSN agrees to produce non-privileged documents in its possession, custody, or control to the extent such documents exist, are relevant, can be located after a reasonable search, and have not already been produced or are not publicly available or already in the possession of Nexgen, by the date mandated by the Federal Rules of Civil Procedure, the Local Rules, and any applicable Scheduling Order and Pretrial Order in this case.

While MSN stated during the good faith conference that it will notify Nexgen if it withholds any requested documents based on the dozens of objections, MSN was supposed to provide that information in its initial response. Nexgen should not have to wait to learn this, especially given the March 31 discovery deadline.

As to requests 14 and 28, MSN refuses to produce any documents. Request 14 asks for "[a]ll documents relating to your total production of the Product since 2015." Request 28 asks for "[a]ll correspondence between you and Nexgen, its members or managers, or anyone on its behalf." MSN responds to both requests with:

> MSN incorporates its General Objections. In addition to its General Objections, MSN specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. MSN additionally objects for seeking information protected by privilege, including the attorney/client, work product, and/or common interest privilege. MSN will not provide privileged information. MSN further objects for seeking confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). MSN additionally objects to the extent this Requests seeks information from persons or entities not under MSN's control. MSN further objects for requiring it to provide information that is in the public domain and/or equally accessible to Nexgen because of undue burden and/or cost. MSN also objects for being unreasonably cumulative, redundant, or duplicative of other Requests. MSN objects to this Request to the extent that MSN may not have any relevant knowledge. MSN further objects under Fed. R. Civ. P. 34(b)(1)(A) for failing to describe with reasonable particularity the requested documents and things. MSN additionally objects for seeking documents or things not in MSN's



possession, custody, or control; not maintained in MSN's ordinary course of business; and not reasonably accessible to MSN because of undue burden and/or cost.

Subject to and without waiving its general and specific objections, MSN responds as follows. This request is overly broad and not reasonably related to any claim or defense at issue in this litigation and/or is duplicative of other Requests. MSN will not produce any other documents responsive to this request as currently drafted. MSN is willing to meet and confer on this Request.

MSN offers no specifics or argument in support of these objections. The documents requested in 14 are relevant to the volume of Product that Nexgen had available to distribute and are thus relevant to Nexgen's damages resulting from MSN's breach. The documents requested in 28 are relevant to the relationship of the parties. MSN does not claim the volume of the production is onerous. MSN merely hopes it can cherry pick the correspondence between the parties that it will show the jury. Nexgen is entitled to see all the correspondence between the parties to ensure the jury understands the correspondence in context.

During the good faith conference, MSN stated it believed the requests to be too broad and that Nexgen should modify them. Nexgen believes the rule requires MSN to state in the response what it believes to be within the proper scope and to at least produce those documents. MSN has not done this.

## SECOND REQUEST FOR PRODUCTION

Seshu Akula is the former president of the MSN subsidiary that is distributing the products in violation of the agreement. Mr. Akula was terminated by MSN on or about November 1, 2022. Nexgen subsequently took his deposition on January 5, 2023.

Mr. Akula testified that he was solicited by MSN's attorneys after Nexgen provided notice of Mr. Akula's deposition. Mr. Akula testified that he declined the representation, though MSN initially told Nexgen otherwise. MSN's attempt to interfere shows that it knew Mr. Akula would provide adverse testimony, increasing the credibility of his testimony.

Request 1 of Nexgen's Second Request for Production accordingly asks for



GLENN AGRE BERGMAN & FUENTES

"[a]ll correspondence with Seshu Akula or anyone on his behalf after November 1, 2022, including without limitation correspondence between your counsel and Mr. Akula." Request 2 asks for "[a]ll agreements between you and Seshu Akula, including without limitation any agreement between your counsel and Mr. Akula." MSN responds to both by refusing to produce responsive documents:

> MSN incorporates its General Objections. In addition to its General Objections, MSN specifically objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. MSN additionally objects for seeking information protected by privilege, including the attorney/client, work product, and/or common interest privilege. MSN will not provide privileged information. MSN further objects for seeking confidential, proprietary, and/or trade secret information (including that which is confidential and proprietary to third parties). MSN additionally objects to the extent this Requests seeks information from persons or entities not under MSN's control. MSN further objects for requiring it to provide information that is in the public domain and/or equally accessible to Nexgen because of undue burden and/or cost. MSN also objects for being unreasonably cumulative, redundant, or duplicative of other Requests. MSN objects to this Request to the extent that MSN may not have any relevant knowledge. MSN further objects under Fed. R. Civ. P. 34(b)(1)(A) for failing to describe with reasonable particularity the requested documents and things. MSN additionally objects for seeking documents or things not in MSN's possession, custody, or control; not maintained in MSN's ordinary course of business; and not reasonably accessible to MSN because of undue burden and/or cost.
>
> Subject to and without waiving its general and specific objections, MSN responds as follows. This request is not reasonably related to any claim or defense at issue in this litigation and/or is duplicative of other Requests. MSN will not produce any documents responsive to this request as currently drafted.

MSN's communications and agreements with a key witness in the case are relevant. The scope is limited to communications after he was terminated. It is therefore not burdensome or overly broad. During the good faith conference, MSN



# GLENN AGRE BERGMAN & FUENTES

suggested the request encompassed protected documents. If so, MSN can put them on a log.

During the good faith conference, MSN stated that it would consider in the future withdrawing or amending some of its objections. However, the deadline to submit discovery disputes to the Court is March 1. So, Nexgen cannot wait to see what MSN might agree to in the future.

Nexgen thanks the Court for its attention to this discovery dispute and requests permission to file a more complete motion to compel if the Court deems it necessary.

Respectfully Submitted,

/s/  Reid Skibell
Reid Skibell