# GLENN AGRE BERGMAN & FUENTES

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10001
212.970.1610

February 28, 2023

**VIA ECF**
Honorable José R. Almonte, United States Magistrate Judge
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

      Re: *Nexgen Lifesciences, LLC ("Nexgen") v. MSN Laboratories Private, Ltd.("MSN"),* Civil Action No. 2:22-cv-02901

Dear Judge Almonte,

      Our firm and McIntyre Thanasides represent Plaintiff Nexgen in this litigation. We write to request modification of certain case management deadlines.

      This is a breach of contract case. Nexgen contracted with MSN for exclusive U.S. distribution rights covering three generic pharmaceuticals manufactured by MSN in India. Nexgen alleges that MSN breached the distribution agreement by giving the distribution rights to its U.S. subsidiary instead. The former president of the subsidiary testified that MSN knowingly and intentionally breached the agreement, employing an "ask for forgiveness later" strategy.

      While the liability issues appear to be straightforward, the damages issues are more complicated. The damages include profits on more than $100 million in sales of product (thus far). The costs used to reduce gross sales to net profit are in dispute and can only be learned through a forensic analysis of information exclusively within MSN's possession. Thus far, MSN has refused to produce information Nexgen's forensic expert could use to calculate actual costs.

      Early in the case, the parties attempted to negotiate a resolution. It became clear in or about November of last year that a settlement was not going to be reached without discovery, especially as to the issue of MSN's and its subsidiary's distribution revenues and costs.

      When the impasse became unavoidable, Nexgen served its First Request for Production to Eric Abraham, counsel for MSN, on November 11, 2022. Nexgen served a Second Request for Production on Eric Abraham and William Murtha,

# GLENN AGRE BERGMAN & FUENTES 

counsel for MSN, on December 9, 2022. Nexgen has served follow up written discovery in January and February. MSN likewise served written discovery in January. Nexgen has responded to MSN's written discovery. MSN has responded to Nexgen's first two sets and has pending responses to the remainder.

Both parties' written requests were served after the deadline in the Pretrial Scheduling Order. The Pretrial Scheduling Order was issued on September 27, 2022 and gave the parties ten days to issue all written discovery in the case. The parties were unable to serve their discovery in the ten-day window and therefore agreed to accept service of discovery from the opposing party after the deadline, rather than bother the Court with motion practice on the issue.

There are two other deadlines in the Pretrial Scheduling Order that are now of concern.

First, the deadline of March 1, 2023 to raise disputes relating to the written discovery makes it impossible for Nexgen to raise disputes relating to the discovery it served in February. Nexgen respectfully requests the new deadline to raise such disputes be moved to April 1, 2023, unless MSN will be seeking an extension to respond to Nexgen's pending written discovery. If MSN obtains an extension to respond to the discovery, Nexgen suggests the deadline be 30 days after MSN responds to the pending written discovery. This should give the parties enough time to attempt to resolve disputes themselves.

Second, Nexgen respectfully requests that the Court move the remaining discovery deadlines for completion of fact discovery and expert disclosures. Currently, fact discovery must be completed by March 31, 2023. MSN produced its first documents in a "rolling" production past Friday evening, February 24. This first set of production is more than 16,000 pages and does not have any discernible organization. Nexgen asked MSN yesterday to identify an organizational method used for the production, but has not received a response.

MSN has stated that it expects to complete its rolling production in two weeks, though it is also withholding requested documents based on its statement that it will not be producing certain requested documents, including production volume of the pharmaceuticals at issue. Nexgen has submitted a letter requesting leave to file a motion to compel concurrently with this letter.

February 28, 2023  
Page 3 of 3

**GLENN AGRE BERGMAN & FUENTES** 

    Even assuming, however, that MSN reverses course and produces everything requested in two weeks, that will give Nexgen only two weeks before the discovery deadline to review, analyze, and index tens of thousands of pages of unorganized documents, audit the production for completion, use the documents to learn who needs to be deposed, and depose MSN's witnesses. Nexgen's lead counsel currently has Covid, which makes this fire drill an even more impossible task. Nexgen thus respectfully requests that the fact discovery deadline be extended for 90 days to June 30, 2023.

    Nexgen's primary expert in this case will be a forensic accountant who will use MSN's data to opine on the damages resulting from the breach of the distribution rights. The expert will need a complete production of the information sought by Nexgen in discovery. Thus far, MSN has not produced any of the damages information. MSN's delay in producing this information is interfering with Nexgen's ability to secure an expert. No expert will agree to sign on to a voluntary fire drill. Nexgen requests that the expert disclosure deadline also be extended 90 days to August 1, 2023.

    Nexgen's counsel has had two lengthy phone calls with MSN's counsel about a joint request to extend the discovery deadline, and while there seemed to be the potential for agreement, after consultation with MSN, counsel was unable to agree.

    Thank you for Your Honor's attention to this request. If the Court believes this letter provides a basis for leave to file a formal motion to extend the case management deadlines, we will gladly do so.

                                          Respectfully Submitted,

                                          /s/  Reid Skibell  
                                        Reid Skibell